ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 24 2019

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

| UNITED STATES OF AMERICA | NO. |
|---|---|
| v. | |
| ROMELIO RIVERON<br>a/k/a KITTY<br>a/k/a KIRI<br>a/k/a KIRY | FILED UNDER SEAL<br><br>3-19CR-349-K |

# INDICTMENT

The Grand Jury charges:

### Count One
### Conspiracy to Launder Monetary Instruments
### (Violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h))

## Introduction and Background

At all times material to this indictment:

1. The defendant, **Romelio Riveron** ("Riveron"), a/k/a Kitty, a/k/a Kiri, a/k/a Kiry, was a resident of Miami, Florida.

2. **Riveron** owned and operated jewelry stores and pawn shops.

3. **Riveron** helped fence and launder stolen jewelry, gold, and diamonds for robbers and thieves.

## The Conspiracy and its Objects

4. Beginning on or about August 19, 2014, and continuing through in or around mid-July 2015, the exact date being unknown, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendant, **Romelio Riveron** ("Riveron"), did knowingly combine, conspire, and agree with other persons known and

Indictment—Page 1

unknown to the Grand Jury to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, with the intent to promote the carrying on of said specified unlawful activity, that is, interference with commerce by robbery, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## Manner and Means of the Conspiracy

5. The manner and means by which **Riveron** and the conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

6. It was part of the conspiracy that the conspirators profiled traveling jewelry salesmen in the Dallas Fort-Worth area and elsewhere for the purposes of planning robberies of traveling jewelry salesmen.

7. It was further part of the conspiracy that the conspirators robbed traveling jewelry salesmen in order to steal the traveling jewelry salesmen's money and jewelry.

8. It was further part of the conspiracy that the conspirators negotiated and sold the stolen jewelry to **Riveron**, who knew the jewelry had been stolen.

9. It was further part of the conspiracy that the conspirators conducted business in interstate and foreign commerce and the conspiracy affected interstate and foreign commerce as contemplated by 18 U.S.C. § 1951(a).

10. It was further part of the conspiracy that **Riveron** paid and caused to be paid the conspirators for the stolen jewelry and diamonds in the United States and in the country of Colombia.

## Overt Acts

11. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the conspirators committed and caused to be committed in the Northern District of Texas ("NDTX"), Dallas Division, and elsewhere, at least one of the following overt acts, among others:

12. On or about August 19, 2014, the conspirators, whose names are known to the Grand Jury, conducted surveillance in Dallas, Texas, for the purpose of identifying and robbing a traveling jewelry salesman.

13. On or about August 19, 2014, the conspirators robbed a traveling jewelry salesman in Bedford, Texas, in the NDTX.

14. On or about August 19, 2014, the conspirators drove the stolen jewelry from Bedford, Texas, to Houston, Texas.

15. On or about August 25, 2014, **Riveron** flew from Miami, Florida, to Houston, Texas, for the purpose of purchasing the stolen jewelry.

16. On or about August 25, 2014, **Riveron** gave the conspirators a partial payment for the stolen jewelry at a hotel in Houston, Texas.

17. On or about August 25, 2014, **Riveron** travelled back to Miami, Florida, to obtain more money to purchase the stolen jewelry.

18. On or about August 28, 2014, **Riveron** flew from Miami, Florida, to Houston, Texas, to provide the remaining payment to the conspirators.

19. On or about August 28, 2014, **Riveron** flew back to Miami, Florida.

20. On or about September 23, 2014, the conspirators, whose names are known to the Grand Jury, rented cars in Dallas, Texas.

21. On or about September 23, 2014, the conspirators drove from Dallas, Texas, to Oklahoma City, Oklahoma, for the purpose of identifying and robbing a traveling jewelry salesman.

22. On or about September 26, 2014, the conspirators robbed a traveling jewelry salesman in The Village, Oklahoma.

23. On or about September 26-27, 2014, the conspirators contacted **Riveron** to notify him of the stolen jewelry.

24. On or about September 27-28, 2014, **Riveron** travelled from Miami, Florida, to Dallas, Texas, and then Oklahoma City, Oklahoma, to meet with the conspirators and to purchase the stolen jewelry.

25. On or about September 28, 2014, **Riveron** gave the conspirators payment for the stolen jewelry.

26. On or about September 30, 2014, **Riveron** travelled from Oklahoma City, Oklahoma, to Dallas, Texas, and then to Miami, Florida.

27. On or about October 30, 2014, the conspirators, whose names are known to the Grand Jury, robbed a traveling jewelry salesman in Charlotte, North Carolina.

28. On or about November 4, 2014, **Riveron** travelled from Miami, Florida, to Charlotte, North Carolina, to meet with the conspirators.

29. On or about November 5, 2014, **Riveron** gave the conspirators payment for the stolen jewelry at a hotel in Charlotte, North Carolina.

30. On or about November 6, 2014, **Riveron** travelled from Charlotte, North Caroline, to Miami, Florida.

31. On or about July 8, 2015, the conspirators, whose names are known to the Grand Jury, robbed a traveling diamond salesman in Houston, Texas.

32. On or about July 15, 2015, **Riveron** began traveling from Florida to Houston, Texas, to purchase the stolen diamonds.

33. On or about July 16, 2015, **Riveron** gave the conspirators payment for the stolen diamonds.

34. On or about July 16-17, 2015, **Riveron** began traveling back to Florida.

All in violation of 18 U.S.C. § 1956(h).

## Forfeiture Notice
### 18 U.S.C. § 982

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of the Count One offense, the defendant, **Romelio Riveron**, shall forfeit to the United States any property, real or personal, involved in the Count One offense, or any property traceable to such property.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RYAN R. RAYBOULD
Assistant United States Attorney
Kansas Bar No. 25429
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214-659-8713
Fax: 214-659-8809

Indictment—Page 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

ROMELIO RIVERON

INDICTMENT

18 U.S.C. § 1956(a)(1)(A)(i) and (h)
Conspiracy to Launder Monetary Instruments
(Count 1)

18 U.S.C. § 982
Forfeiture Notice

1 Count

A true bill rendered

DALLAS                                                    FOREPERSON

Filed in open court this _24_ day of July, 2019.

---

**Warrant to be Issued**

---

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending