ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:19-CR-349-K |
| v. | |
| ROMELIO RIVERON | |

# FACTUAL RESUME

In support of Romelio Riveron's plea of guilty to the offense in Count One of the Indictment, the defendant, Romelio Riveron; the defendant's attorney, Michael P. Gibson; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h), that is, conspiracy to launder monetary instruments, the government must prove each of the following elements beyond a reasonable doubt:

> First: that the defendant and at least one other person made an agreement to commit the crime of money laundering (promotion), in violation of 18 U.S.C. § 1956(a)(1)(A)(i);
>
> Second: that the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.[1]

---

[1] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.15A (2015). *See United States v. Guillermo Balleza*, 613 F.3d 432, 433 n.1 (5th Cir. 2010); *Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006) (citing *United States v. Meshack*, 225 F.3d 556, 573–74 (5th Cir.2000)).

Factual Resume—Page 1

The government must also prove beyond a reasonable doubt the object of the conspiracy, to wit, laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The elements of that offense are:

<u>First</u>: That the defendant knowingly conducted or attempted to conduct a financial transaction;

<u>Second</u>: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2;

<u>Third</u>: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

<u>Fourth</u>: That the defendant intended to promote the carrying on of the specified unlawful activity.[2]

## STIPULATED FACTS:

Beginning on or about August 19, 2014, and continuing through in or around mid-July 2015, the exact date being unknown, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendant, Romelio Riveron ("defendant"), did knowingly combine, conspire, and agree with other persons known and unknown to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, with

---

[2] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.76A (2015).

**Factual Resume—Page 2**

the intent to promote the carrying on of said specified unlawful activity, that is, interference with commerce by robbery, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

Defendant admits that he purchased and laundered stolen jewelry, gold, and diamonds (hereinafter "stolen items"), from co-conspirators, who were involved in Hobbs Act robberies. Defendant further admits that he knew at the time that he purchased and laundered the stolen items that they had been obtained during the course of robberies. Indeed, defendant admits that he purchased and laundered stolen items from the following robberies: (1) August 2014 (Bedford, Texas, robbery), (2) September 2014 (The Village, Oklahoma, robbery); (3) October 2014 (Charlotte, North Carolina, robbery); and (4) July 2015 (Houston, Texas, robbery). Defendant further admits that these robberies affected interstate and foreign commerce as contemplated by 18 U.S.C. § 1951(a).

Defendant admits that he travelled to different locations around the United States to launder the stolen jewelry, gold, and diamonds. In the four instances identified above, the robbers called defendant to inquire as to whether he was interested in purchasing the stolen items. Given his interest, defendant travelled to meet the co-conspirators. Once defendant met the co-conspirators, he weighed the stolen items, analyzed their worth, and negotiated their purchase. Once a purchase price had been reached, defendant provided

an upfront cash payment to the co-conspirators. Defendant provided the remaining cash payments at a later date to the co-conspirators. Some of these cash payments were provided to aiders and abettors and co-conspirators in the country of Colombia.

Defendant admits that he purchased the stolen items below market value. This was by design because defendant was able to turn a profit once he resold the stolen items. The co-conspirators also benefited in that they were able to launder and convert the stolen items to cash. Defendant admits that no documentation and certifications were exchanged during the transactions.

[Remainder of page left blank]

In sum, defendant admits that he and his co-conspirators caused a total loss of $2,561,112.41, and that number sets the total loss as it relates to the United States Sentencing Guidelines. The breakdown of the approximate loss amount is as follows: (1) $500,000 for the August 2014 robbery; (2) $614,438.77 for the September 2014 robbery; (3) $446,673.64 for the October 2014 robbery; and (4) $1,000,000 for the July 2015 robbery.

AGREED TO AND SIGNED this 20th day of February, 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
ROMELIO RIVERON
Defendant

_____
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8713
Facsimile: 214-659-8805
E-mail: ryan.raybould2@usdoj.gov

_____
MICHAEL P. GIBSON
Attorney for Defendant

Factual Resume—Page 5